JACOB BRADY, APPELLANT, v. ABRAHAM COCHRAN AND OTHERS, RESPONDENTS.

*When an issue of fact in an equitable action should be tried by a jury.*

APPEAL from a judgment in favor of the defendants, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The plaintiff, who claimed to be the owner of an oyster bed and the oysters therein, brought this action to recover damages for the acts of the defendants in entering upon it and taking away and converting to their own use oysters and clams, and to restrain them from thereafter entering upon the same and from taking up, or removing, or in any way interfering with the oysters or clams therein.

The plaintiff claimed that the case should be tried by the court without a jury, on the ground that it was an equitable action.

The court, at General Term, said: "The gist of this action is an alleged tortious conversion of the plaintiff's oysters. It also contains allegations appropriate to a demand of equitable relief. In such cases the proper practice is, to submit the issues at law to a

jury, and then to dispose of the remaining issues without the intervention of the jury. A party cannot be deprived of his right to a trial by jury by the act of the other party, in coupling with his cause of action at law, allegations of facts which, if proved, would entitle him to ancillary relief of an equitable kind. (*Davis* v. *Morris*, 36 N. Y., 572; *Hudson* v. *Caryl*, 44 Id., 555.) The judge pursued the proper practice in this instance. The issue upon the averment of a conversion of the plaintiff's property was tried before a jury, and, then, after a verdict against the plaintiff, the equitable relief demanded was properly denied, for it was dependent upon a recovery by the plaintiff."

*Mills & Wood*, for the appellant.

*Martin J. Keogh*, for the respondents.

Opinion by Gilbert, J.; Dykman, J., concurred; Barnard, P. J., not sitting.

Judgment and order denying new trial affirmed, with costs.